Clerk of Court
Court of Criminal Appeals
of Texas
P.O. Box 12308
Capitol Station
Austin, TX. 78711

32,252-02, -03
Dec. 17th 2014

RE: WR NO. 32-252-02
and WR NO. 32-252-03

* for cause number(s)
199-80320-91
and 199-80293-90

MOTION DENIED
DATE: 1-5-15
BY: P.C.

Dear Clerk of Court,

I, DARNELL Adams, applicant pro se., ask

the clerk of this court to filed and process the TWO (2) copies
* (one for each cause #)
enclosed amotions for reconsideration for review

pursuant to Tex. R. App. Proc. art. 79.2(d), allowing

this court, on it's own initiative, to reconsider.

After such filing, applicant respectfully aske the clerk

to notify me of the date file and beginning process

date if convenient.

Please accept my thanks and appreciation accordingly,

as it is humbely sent.

Respectfully Submitted.

Darnell Adams

DARNELL IVEN Adams
TDCJ #593403
AlReD Unit
2101 FM 369 N.
Iowa PARK, TX. 79404

RECEIVED IN
COURT OF CRIMINAL APPEALS

DEC 30 2014

Abel Acosta, Clerk

# IN THE Court OF Criminal APPEALS OF TEXAS

EX PARTE IVEN ADAMS,
APPLiCANT Pro Se.

VS.

STATE of TEXAS
RespoNdant

TRIAL Court cause Number(s)
W-199-80320-91
and W-199-80273-90

for Writ Number(s)
WR-32,252-02
and WR-32,252-03

## APPLICANT'S MOTION of SUGGESTION for RECONSIDERATION

Comes Now DARNELL IVEN ADAMS, hereinafter called "APPLiCANt", in the above entitled styled and Numbered cause of action, hereby files this, his motion of suggestion for reconsideration Pursuant to Texas Rule of APPellate Procedure 79.2(d), which allows this Court of Criminal APPeals, on it's own initiative, jurisdiction to reconsider. [See Tex. R. APP. Proc. 79.2(d); also see Ex Parte Moussazadeh, 361 S.W. 3d 684 (Tex. Crim. APP. 2012).

### [ Prior Writ denial's requesting Reconsideration ]

Applicant hereby request this Honorable court to review and reconsider the prior denial's of his "first and Second" Writ applications, in that both Writ's for habeas relief contained claims of deficient Performances by his trial counsel(s) of record, the following:

(1) for failure to properly advise of the applicant of the correct Parole eligibility statute for a Life sentence in applicant's first and initial habeus application see (Ex Parte ADAMS, AP-72,829 (Tex. Crim. APP. Aug. 13, 1997)

and (2) for failure to properly advise applicant of the consequences of weapon findings to affect future Parole considerations as it relates to the distinction between eligiblity and Parole attainment, thus Creating a broken Plea Agreement. see (Ex Parte Adams, No. WR-32,252-02 and No. WR-32,252-03 (Tex. Crim. APP. MAR. 17 2010)

PAGE ONE

## Applicant's Purpose for Reconsideration

The reason for applicant's motion for reconsideration is to have this court revisit the claims filed in the first and second application(s) describe above and herein, in order to demonstrate deficient performance by trial counsel(s) <u>for failing to properly advise of the correct and relevant parole eligibility statute for a life sentence</u>, which falls below the objective standard of reasonableness required by an attorney, that has as a result, caused harm to applicant in having to have served 25 flat years (and ineligible for mandatory supervision) when advised by counsel(s) that I "<u>would only serve about 5 years</u> <u>on a life sentence without a finding of a deadly weapon</u>, as explained by counsel when induced to plead guilty, "that a life sentence is equal to 60 years and for each month served, I would get one year off sentence, thus 60 months (or 5 years)?" (see <u>Hill v. Lockhart, 877 F.2d 698 (Ca. 8, 1989; Myers v. Gills, 142 F.3d, 664 (Ca. 3, 1998); and most recent, Ex Parte Moussazadeh, 361 SW 3d 684 (Tex. Crim App. 2012); Ex Parte Adams, AP-72,829 (Tex App. 1997)</u> each stating and holding that, "... trial attorney rendered ineffective assistance of counsel when they gave incorrect advise as to parole eligibility..." thus, prejudice was cause when such advice leads to more time of incarceration after pleading guilty in a plea bargain that it would not...?"

<u>Applicant's first writ</u> application claimed such deficiency, yet, partial relief was granted for jail credits only and all other relief was denied. (see <u>Ex parte Adams, AP-72,829 (Tex. Crim App. 1997).</u>

<u>Applicant's second writ</u> claimed of a broken plea agreement when weapon findings were used in parole consideration to deny and extend applicant's future parole reviews <u>when advise by counsel(s) that it wouldn't</u> at the plea hearing held on April 5, 1991 that induced me to plead guilty. (see Ex Parte Adams, No. WR-32,252-02, and in WR-32,252.03 (Tex. Crim. App. Mar. 17 2010)

PAGE TWO

However, Applicant's Second Writ was dismissed as a subsequent Writ, even though the weapon finding was discovered "10 years after" the first Writ, thus, such discovery should not have been successive pursuant to Tex. Code Crim Proc. 11.07 sec 4 as, I Applicant, "had not known that a weapon finding would be used for future parole consideration(s), as clearly explained by trial counsel(s), yet such advise by counsel was deficient in that they failed to give me the distinction of parole eligibility and parole attainment, or the consequences of the Parole Boards use of weapon findings in parole considerations even though one of the terms of the plea was to drop the weapon finding, to not effect ANY parole considerations. (Exparte Adams, Nos. WR-32-252-02 and No. WR-32-525-03 (Tex Crim App. 1997) (See Applicant's Exhibit(s) "A" (Plea Agreement) and Exhibit "B" ANd "C" parole denial using a weapon use as one of the considerations to deny parole in 2007

## ARGUMENT AND AUTHORITY

Applicant bases his motion for reconsideration of these prior denial(s) of his first and/or second Writ application(s), is a result of the more recent decision by this Court in the review and reconsideration of Exparte Moussazadeh 361 S.W. 3d 684 (Tex. Crim. App. 2012).

The Court in Moussazadeh (supra), overruled it' prior decision(s) on whether parole eligibility misinformation makes a plea involuntary, as in the courts' of Ex parte Evans and Ex parte Moussazadeh II. (see Exparte Evans, 690 S.W. 2d 274 (Tex. Crim. App. 1985). Exparte Moussazadeh II, 64 S.W. 3d 404 (Tex. Crim. App. 2001)

The Court in reconsideration of Moussazadeh held, that it's prior decisions in Evans and Moussazadeh II, "WERE incorrect" and disavowed, (or refuse to take responsibility for) them to the extent they: (1) required parole eligibility misinformation to form an essential part of the plea agreement to make a showing of an involuntary plea; and,

PAGE THREE

(2) failed to appropriately recognize the distinction between parole eligibility and parole attainment.

(See MOUSSAZADEh Supra)

The court found that MOUSSAZADEH's counsel fail to inform him of a change in parole eligibility statute that essentially doubled the length of time he had to serve to become eligible, and the court held that, that performance was deficient. (Moussazadeh, 361 Supra at 690)

The court also found, that moussazadeh would not have pleaded guilty if he had known the actual time he would have had to serve, thus prejudice was shown and the court of criminal appeals reconsidered the claim raised in Moussazadeh II, thereby granting relief, vacating the judgment and remanded to answer. (See Ex parte Moussazadeh, 361 S.W. 3d at 690 (Tex. Crim All. 2012)

## Texas's Parole Eligibility v. Parole Attainment Analysis

In the review and reconsideration of Moussazadeh, 361 S.W. 3d (Supra), the court further conflated the concepts of eligibility and attainment when stated that, "... although one can determine Current parole eligibility with some degree of certainty, it is really _parole attainment_ that is significant to a plea bargaining defendant. It matters very little that a person is eligible for parole in one year on a 10 year sentence, if virtually no one is being paroled in less than seven or eight on a ten year sentence. It is for this reason that we have termed parole attainment to speculative to warrant being given effect upon a defendants guilty plea. (Moussazadeh, 361 S.W. 3d Supra)

Contrary to the court's prior decisions in Evans and Moussazadeh II, there are considerable concreate distinctions between parole attainment and parole eligibility.

_Parole Attainment_ is indeed highly speculative, due to various factors associated with the circumstances surrounding an individual prison parole application, such as the behavior in prison, the composition and attitude of the parole board, the identity and attitude of the Governor, the nature of the offense etc.... (see Carrillo, 682 S.W. 2d 320 Tex. Crim App. 1985)

PAGE FOUR

Hense, _parole attainment is not governed by statute, and is left to the descretion of the Parole Board_, which means that if an inmate with a Life sentence (Like applicant) is ineligible for mandatory Supervision release, he must be paroled by the Parole Board, "or" serve the sentence "day for day". [Ex parte FRANKS, 71 S.W.3d 327 (Tex Crim App. 2001]... holding that it is mathematically impossible to calculate calendar time plus accrued good time to equal the sentence maximum of Life..."

As in applicant's case, "harm has been caused" for trial counsel(s) failure to advise of the correct and relevant parole eligibility statute for a Life sentence as it relates to applicant's eligibility, and for counsel's failure to warn of the consequences of the parole board's descretion to consider weapon findings in consideration for parole attainment purposes, when the weapon finding "was dropped" (as one of the terms of the plea agreement) to induce applicant to plead guilty to the plea agreement, that as a result of no weapon finding in the judgment by being _dropped or deleted_, it would _have no effect on any future parole considerations._

_Parole Eligibility_, however, elicts a straight forward answer, because they are "direct consequences" as a result of a guilty plea, and is "determined by the statutory Law"; in effect on the date of the offense. [see Ex parte Thomson, 173 S.W.3d 458, 459 (Tex. Crim. App. 2005) "... not eligible for mandatory supervision."

Therefore, the statute's that governs the punishment of a particular offense (or Life Sentenced inmates), controls the issue of parole eligibility, not the assumptions of consel(s).

In applicant's case, the issues that control his eligibility are the 70th Legislature for offenses committed on or after Sept. 1, 1989 thru Aug. 31, 1993, since applicant's offense was committed on or about November 6th, 1989.

PAGE FIVE

And since applicant's plea bargaining sentence contained recommendation of a Life sentence without an affirmative finding of the use or exhibition of a deadly weapon, the proper and relevant parole statute(s) should have consisted of the following literal interpretations of the statute(s)

(1) Tex Gov't Code 508.145(f), stated in part, "... except as provided by section 508.146, and other inmate eligible for release on parole when the inmates calendar time plus good conduct time equals one-forth of the sentence imposed or 15 years, whichever is less..."

(2) Tex Gov't Code 508.147(a) stated in part, "... providing for release of inmates to mandatory supervision when actual calendar time plus accrued good time equals the term to which the inmate was sentenced..."

(3) Tex. Gov't Code 508.149(a)(6)(13) stated in part, "... inmates with offenses containing an affirmative finding of the use of a deadly weapon, or the offenses of (6) 22.011, Penal Code - Sexual assault and (13) 30.02, Penal Code - Burglary with intent, are eligible for release when flat time, without any accrued good time, equals one-fourth of sentence or 15 years flat..."

## SUMMARY AND CONCLUSION

ON or about APRIL 5th, 1991 and in the 199th District Court of Collin County Texas, I, applicant DARNELL IVEN Adams, entered into a plea agreement with negotiations by trial Counsel(s) of record (Michael Curran - Court appointed - Collin Co., and Leon Haley Jr. - retained counsel - TARRANT County), to include the following terms:

(1) that there be no affirmative finding of a weapon;

(2) that the original indictment charge of Aggravated Sexual assault with a deadly weapon, would be reduced to a lesser included offense of sexual assault without any weapon findings;

PAGE SIX

(3) that would have to waive indictment to burglary not in the original indictment;

(4) and that I enter a plea of guilty

(5) and a punishment recommendation of Life induced by attorney(s) that I would only serve about 5 years before being paroled?

The fact that the attorney for applicant "failed to quote the correct or applicable parole eligibility statute(s), simply by reading the literal text of the statute(s) listed above and herein, was a deficient performance of counsel and has caused tremendous "harm" to applicant, in that "parole eligibility" can not be assumed or speculated (as did applicant's counsel(s) of 5 years on a Life sentence based on Life equalling 60 years, and that for each month served, I would get one year off sentence, as the weapon finding would be dropped from the judgment in order to have "no affect" on any future parole considerations as one of the terms of the agreement), and that "parole attainment" can not be obtained, as the parole board has the ultimate discretion to release an inmate (like applicant) to parole, and since they continuously used weapon finding in it's consideration to deny and extend parole of applicant, when counsel(s) advised and induced applicant that as a result of the weapon finding dropped, there would be no affect of such weapon finding upon consideration for parole, has not only caused a deficient performance by counsel(s) for failure to advise correctly as to weapon findings in a plea bargain, but breach of the plea agreement as one of the terms were not carried out or fulfilled as promised by counsel(s) interpretation. (See EX PARTE Adams, No. WR-32-252-02 and No. WR-32-252-03 (Tex. Crim. App. 2010); See Applicants Exhibits "A", "B", and "C" attached

| PAGE SEVEN |

## PRAYER for Relief

It is hereby applicant's PRAYER that this Honorable Court revisit his previous claim(s) in his first and/or Second habeas applications seeking relief for Ineffective assistance of Counsel in the first habeas (EXPArte Adams, AP. 72,829 Tex Crim. App. Aug. 13, 1997) for failure to advise of the correct PARole Statute for eligibility for life Sentence inmates? And, as a result of not fully quoting the affects and consequences of PARole attainment being at the descretion of the PARole board, regardless if the Weapon finding being dropped as one of the terms of the Plea to Not have ANY affect on PARole considerations, caused harm to applicant in that I have served 25 flat years from the breach of the Plea agreement by virtue of the weapon finding actual being used in PARole considerations. (See Exhibit's "B" and "C" attached - PARole denial sheets); EXPARte Adams No. WR-32,252-02 and No. WR-32,252-03 (Tex Crim. App. 2010)

Thus, applicant PRAYS that at least his Second habeas applications be reconsidered, as the records show that the following occured:

(1) there was an indictment for Aggravated Sexual assault with a deadly weapon;

(2) there was a Plea agreement that included one of the terms being reduction to a lesser included offense and

(3) the weapon finding would be dropped to not have any affect on PARole considerations to extend sentence,

(4) Applicant Plead to Life sentence understanding the above terms will allow him to do about 5 years (even on Life?) (See Exhibit "A" Applicants Plea Agreement attached)

(5) after serving over 5 years and no PARole review or being eligible, applicant filed first habeas for relief for Ineffective counsel(s) erroneous advice in 1996 (See ExPARte Adams, AP-72,829 (Tex Crim App. 1997)

(6) after 10 years later from first application Applicant filed a second habeas writ with claims that the PAROLE BOARD used a weapon finding to deny And extend PAROLE for 5 years when according to Counsel that the weapon finding would be dropped from the judgment to have "No affects" on any future parole considerations. However, even though the weapon was in fact dropped, the Board still used it to consider deny my PAROLE, thus a broken Plea as a result of misleading advise from counsel. yet, second application was dismissed as subsequent when information on parole reviews wasn't available in 1997 during applicant's first habeas claim, and should not have been successive, as parole used the weapon to deny parole in 2007. (see Exhibit's "B" And "C" - PAROLE denial sheet attached) (also EX PARTE Adams, No. WR-32,252-02 and No. WR-32,252-03 (Tex. Crim. App. 2010)

The Applicant now understands from the review and reconsideration of Moussazadeh, 361 S.W. 3d (Supra) at 690, that the failure of counsel to provide correct parole state advice, or to provide incorrect advice, is a deficient performance of counsel in violation of the 6th Amendment of the United States Constitution, thus causing harm to applicant to be persuaded to a Life sentence and vulnerable to the decretion of the PAROLE BOARDS use of weapon findings, to continuously deny and extend PAROLE when counsel(s) advice in Plea BARGAIN admonishment to applicant that it wouldn't. As a result, that decretion could lead to "day for day" as there is no statutory PAROLE law to calculate good time and flat time to equal the maximum sentence of Life. [see EX PARTE Franks, 71 S.W. 3d. 327 (Tex. Crim. App. 2001)... stating that it is mathematically impossible to calculate good time and accrued good time on a Life sentence..."

PAGE NINE

The Applicant finally PRAYS that in view of the records and the exhibits attached, that applicant's claims of a broken Plea bargain as a result of incorrect Parole advice, which was misleading, while failing to quote the correct relevant statutes on Parole eligibility and the distinction of attainment, caused applicant's counsel(s) to provide a deficient performance which falls below an objective standard of reasonableness required of an attorney, and created harm and/or prejudice to applicant in being "stuck" with a Life sentence at the discretion of the Parole Board continuous use of a weapon finding "not in the judgment" as a result of a plea agreement to not affect any Parole considerations.

Thus, reconsideration is requested of prior denial(s) in order to get the appropriate relief requested of vacating and remanding for further consideration of claims in either applicant's first and/or second habeas applications pursuant to Tex. R. App. Proc. 79.2(d), on the court's own initiative, and as a result of overruling Prior decisions in review and reconsideration of MOUSSAZADEH, 361 S.W 3d 684-690 Tex. (Crim App. 2012)

## VERIFICATION

I, DARNELL IVEN Adams, APPLICANT Pro se, do hereby verify that the foregoing is true and correct, and available in the records under the penalty of perjury, signed this the 17 day of December 2014.

/s/ Darnell Adams

## CERTIFICATION

I, DARNELL IVEN Adams, APPLICANT Pro se, do certify that a copy of the foregoing motion for reconsideration of applicant's Prior denial(s) of habeas relief, is being forwarded to the Court of Criminal Appeals of Texas, by placing same IN the U.S. mailing system at the ALLRED unit 2101 FM 369 N. Iowa PARK, TX. 76367 on this the 17th day of December 2014.

/s/ Darnell Adams

[PAGE TEN]

# APPLICANT'S

# Exhibit

# "A"

PLEA BARGAIN AGREEMENT

for cause #199-80293-90

and #199-80320-91

THE STATE OF TEXAS

VS *Darnell Ivan Adams*   NO. *199-80293-90*

IN THE *199th* DISTRICT COURT
☐ COUNTY COURT AT LAW _____
OF COLLIN COUNTY, TEXAS

## PLEA BARGAIN AGREEMENT

TO THE HONORABLE COURT:

COMES NOW the defendant in the above-numbered and styled cause with his or her attorney of record, if one is shown below, and the attorney for the State of Texas, and would show the court that a plea agreement has been reached between them; and under the terms of said agreement, the defendant will plead "GUILTY", stipulated to the facts of the offense alleged in the indictment or information, as the case may be, and waive the right to a jury trial. The State of Texas recommends the following:

Offense: *Agv/Aslt, a lesser included offense* Count/Para: _____

Degree: *F2* Date offense committed: *11/6/89*

Plea to enhancement paragraph(s): *True to Count C*

State to ~~dismiss~~: *Waive Counts A & B*

Confinement: *Life* ~~years~~ T.D.C. _____ Collin County Jail

☐ Affirmative finding deadly weapon used

☐ Work Release   ☐ Weekend Service

☐ DEFENDANT HEREIN REQUESTS THAT NO PRE-TRIAL INVESTIGATION REPORT BE PREPARED.

☐ Credit agreed for _____ days served

Probation:
☐ _____ years T.D.C. probated for _____ years

☐ _____ Collin County Jail probated for _____

☐ _____ Collin County Jail as condition of probation

☐ Deferred adjudication probated for _____ years/ _____ months/ _____ days

☐ Fine $ _____ , Instanter, $ _____ Monthly or Within _____ days

☒ Court Costs $ *82.50* , Instanter, $ _____ Monthly or Within _____ days

☐ Restitution $ _____ , Instanter, $ _____ Monthly or Within _____ days

☐ Reimburse Collin County for court appointed attorney _____
$ _____ monthly or within _____ days.

Special terms:
☐ No contact with victim: _____
☐ Extended Restitution
☐ Psychological/Drug/Alcohol Abuse Evaluation and Counseling
☐ Not to operate motor vehicle unless equipped with deep-lung breath analyzer
☐ Intensive Supervision Program
☐ S.C.P. for Substance Abuse or Sex Offenders
☐ Community service _____
☐ Waiver of right to Early Termination of Probation
☐ Other _____

THE UNDERSIGNED certify they have READ ALL TERMS of the above agreement, and the agreement contains ALL the terms of the plea bargain to which they have agreed.

_____
*D. Adams*
Defendant

By: _____
Attorney for State

_____
Attorney for Defendant

Plea Bargain Agreement Approved: _____
Judge Presiding

Court's Exhibit

J39/Plea Bargain Agreement/Dist. Atty./Rev. 6/90

Exhibit "A"

THE STATE OF TEXAS

VS.

Darnell Sven Adams

NO. 199-80320-91

IN THE 199th
☒ 199 DISTRICT COURT
☐ COUNTY COURT AT LAW _____
OF COLLIN COUNTY, TEXAS

## PLEA BARGAIN AGREEMENT

TO THE HONORABLE COURT:

COMES NOW the defendant in the above-numbered and styled cause with his or her attorney of record, if one is shown below, and the attorney for the State of Texas, and would show the court that a plea agreement has been reached between them; and under the terms of said agreement, the defendant will plead "GUILTY", stipulated to the facts of the offense alleged in the indictment or information, as the case may be, and waive the right to a jury trial. The State of Texas recommends the following:

Offense: Burg / Hab _____ Count/Para: _____

Degree: F1 _____ Date offense committed: 11/06/89 _____

Plea to enhancement paragraph(s): N/A _____

State to dismiss: N/A _____

Confinement: Life _____ years T.D.C. _____ Collin County Jail

☐ Affirmative finding deadly weapon used

☐ Work Release          ☐ Weekend Service

☐ DEFENDANT HEREIN REQUESTS THAT NO PRE-TRIAL INVESTIGATION REPORT BE PREPARED.

☐ Credit agreed for _____ days served

Probation:   ☐ _____ years T.D.C. probated for _____ years

☐ _____ Collin County Jail probated for _____

☐ _____ Collin County Jail as condition of probation

☐ Deferred adjudication probated for _____ years/ _____ months/ _____ days

☐ Fine          $ _____, Instanter,     $ _____ Monthly or Within _____ days

☒ Court Costs   $82.50 _____, Instanter,     $ _____ Monthly or Within _____ days

☐ Restitution   $ _____, Instanter,     $ _____ Monthly or Within _____ days

☐ Reimburse Collin County for court appointed attorney _____
          $ _____ monthly or within _____ days.

Special terms: ☐ No contact with victim: _____
          ☐ Extended Restitution
          ☐ Psychological/Drug/Alcohol Abuse Evaluation and Counseling
          ☐ Not to operate motor vehicle unless equipped with deep-lung breath analyzer
          ☐ Intensive Supervision Program
          ☐ S.C.P. for Substance Abuse or Sex Offenders
          ☐ Community service _____
          ☐ Waiver of right to Early Termination of Probation
          ☒ Other _____
          Waiver of Indictment

THE UNDERSIGNED certify they have READ ALL TERMS of the above agreement, and the agreement contains ALL the terms of the plea bargain to which they have agreed.

D. Adams
Defendant

By: _____
Attorney for State

_____
Attorney for Defendant

Plea Bargain Agreement Approved: _____
          Judge Presiding

Court's Exhibit

J39/Plea Bargain Agreement/Dist. Atty./Rev. 6/90

35

APPLICANT'S

EXhibit

"B"

PAROLE denial REASONS

(NAMELY "2D")

{APPLICANT's Exhibit "B"}

CSSUF-A2A                    TEXAS DEPARTMENT OF CRIMINAL JUSTICE          04/21/2010
BPPDCICS/9293                    MINUTES DETAIL INFORMATION                  11.29.23
SID NUMBER: 04255148          TDCJID NUMBER: 00593403          PIA NUMBER:
NAME = ADAMS,DARNELL IVEN                    PROCESS TYPE: CURRENTLY AN INMATE
ACTION DATE:  04/03/2007                     ACTION: NR      04/01/2012
PAROLE GUIDELINE SCORE:                ACTION TYPE: RECORD HAS NO ACTION TYPE
PAROLE BOARD MEMBER           ACTION   PAROLE BOARD MEMBER           ACTION
TOMMY FORDYCE        NR    04/01/2012  GERALD GARRETT        NR    04/01/2012

REASONS: 2D  3D  5D  10D ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___
SPEC COND: ___ ___  ___ ___ ___ ___ ___ ___ ___ ___ ___ ___
                          "Z" COUNTIES: ___ ___ ___ ___      "A" COUNTY: ___
COMMENTS: 10D-INSTITUTIONAL ADJUSTMENT


PF1=HELP       PF3=PREV MENU       PF5=MINUTES      PF12=TDCJ MENU      CLEAR=EXIT
-- REQUESTED MINUTES DETAIL IS DISPLAYED.

# APPLICANT'S
# Exhibit
# "C"

PAROLE Denial REASON or EXPLINATION

{ NAMELy #2D the record indicates the
use of a Weapon }

NOTE: Plea Agreement WAS mAde to have
the weapon finding dropped from the
judgment in order to not have any
affect on PARole considerations, according
to Counsel(s) advice that caused me
to plead guilty to the plea agreement.

Thus, the PARole boARd use the weapon
findings to deny PARole, even "without"
weapon finding in the judgment. (See #2D attached)

**ONE OR MORE COMPONENTS INDICATED IN EACH PARAGRAPH LISTED BELOW MAY APPLY, BUT ONLY ONE IS REQUIRED FOR DENIAL.**

#1D. The record indicates that the inmate has repeatedly committed criminal episodes or has a pattern of similar offenses that indicates a predisposition to commit criminal acts upon release; or the record indicates that the inmate is a leader or active participant in gang or organized criminal activity; or the record indicates a juvenile or adult arrest for felony or misdemeanor offenses.

#2D The record indicates that the inmate committed one or more violent criminal acts indicating a conscious disregard for the lives, safety, or property of others; the instant offense or pattern of criminal activity has elements of brutality, violence, or conscious selection of victim's vulnerability such that the inmate poses a continuing threat to public safety; the record indicates the use of a weapon.

#3D The record indicates excessive drug or alcohol involvement that includes possession, us, or delivery in the instant offense or criminal history.

4D The record indicates that the inmate committed a major disciplinary offense during the preceding six months resulting in a loss of good conduct time or loss of status below that at which the inmate entered prison; a pattern of disciplinary infractions since the last review indicates a disregard for rules.

5D The record indicates unsuccessful periods of supervision on previous probation, parole, or mandatory supervision that resulted in incarceration, including parole-in-absentia.

6D The record indicates that the inmate refused to participate or intentionally failed to complete TDCJ-CID proposed program(s) made available to the inmate.

7D The record indicates that length of time served by the inmate is not congruent with offense severity and criminal history.

8D The record indicates that the inmate has been charged before a magistrate, indicted, or convicted by a court of competent jurisdiction with a felony offense while incarcerated.

#9D1 The record indicates that the inmate's accrued good conduct time is not an accurate reflection of the inmate's potential for rehabilitation.

#9D2 The record indicates that the inmate's release would endanger the public.

#10D (Written explanation)